**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRITTAIN WALLER,**

      **Plaintiff,**                    **Case No. 2:26-cv-220**
   **v.**                           **Chief District Judge Sarah D. Morrison**
                                         **Magistrate Judge Kimberly A. Jolson**

**OHIOHEALTH GRANT FAMILY
MEDICINE,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is before the Court.  (Doc. 1).

For the following reasons, the Undersigned **RECOMMENDS** that the Motion be **DENIED**.

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal

standard applicable to a motion to proceed *in forma pauperis*.  335 U.S. 331 (1948).  An affidavit

of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without

depriving himself the "necessities of life."  *Id*. at 339 (internal quotation marks omitted).  "Courts

generally examine an applicant's employment, income, expenses, and any property or assets the

applicant possesses when considering applications to proceed *in forma pauperis*."  *Motley v.*

*Dream Living LLC*, No. 2:23-CV-3478, 2024 WL 2962791, at \*1 (S.D. Ohio June 12, 2024).

Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing

fee must be more than a mere hardship.  *See Foster v. Cuyahoga Dep't of Health & Human Servs.*,

21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be

paid without undue hardship").  Consequently, unless it is clear that the one-time payment of the

court's filing fee will render the plaintiff unable to provide for herself, the Court cannot grant her

*in forma pauperis* status. *See Adkins*, 335 U.S. at 339. "Proceeding IFP 'is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.'" *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citation omitted).

According to Plaintiff's financial affidavit, she is currently employed and makes $3,200 per month. (Doc. 1 at 2). She contributes $600 per month to support her child. (*Id.*). She has $75 in either cash on hand or a bank account. (*Id.* at 3). She does not list any monthly expenses. (*Id.* (stating "unknown")).

Simply put, Plaintiff makes well over the filing fee in monthly income.[1] She does not list any expenses, other than the support she provides for her child. And subtracting that support from her monthly income, she still has enough left over to pay the filing fee. These circumstances do not justify granting Plaintiff *in forma pauperis* status. *Cf. Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that *in forma pauperis* status is usually reserved for people who "would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").

The Undersigned acknowledges that "plaintiffs need not promise to give 'the last dollar they have or can get' to the point that they 'make themselves and their dependents wholly destitute'" to proceed *in forma pauperis*. *Stansberry v. Pappadeaux*, No. 1:22-cv-667, 2023 WL 2133488, at *2 (S.D. Ohio Feb. 21, 2023) (quoting *Adkins*, 335 U.S. at 339). And very likely,

---

[1] Plaintiff's annual income also exceeds the 2026 federal poverty guideline for a two-person household of $21,640. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited February 24, 2026). "Although not the applicable standard for determining entitlement to IFP status, [the federal poverty] guidelines are used to determine financial eligibility for certain federal programs. As such, they provide a useful reference point in determining whether an individual is in poverty and, thus, likely unable to pay the required filing fee." *Muehlfeld v. Comm'r of Soc. Sec. Admin.*, No. 3:23-CV-00225-JJH, 2023 WL 2988316, at *3 (N.D. Ohio Feb. 14, 2023) (citation omitted), *report and recommendation adopted*, No. 3:23-CV-225, 2023 WL 3847287 (N.D. Ohio June 6, 2023)

Plaintiff does not wish to allocate her income to initiating this litigation. Yet this "appears to be a case where Plaintiff must 'weigh the financial constraints posed by pursuing [her] complaint against the merits of [her] claims.'" *Henderson v. Pappas Trucking LLC AG Container*, No. 2:21-CV-2088, 2021 WL 2003986 (S.D. Ohio May 4, 2021) (citation omitted), *report and recommendation adopted*, No. 2:21-CV-2088, 2021 WL 2002408 (S.D. Ohio May 19, 2021).

As such, the Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). The Undersigned further **RECOMMENDS** that should this Report and Recommendation be adopted, Plaintiff be ordered to pay the filing fee within fourteen (14) days or else her case should be dismissed for want of prosecution. Plaintiff should also be aware that if she is ordered to pay the filing fee, she will be responsible for effecting service on Defendant.

Date: February 24, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).