**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

BRITTAIN WALLER,

      **Plaintiff,**                           **Case No. 2:26-cv-220**
     **v.**                                  **Chief District Judge Sarah D. Morrison**
                                         **Magistrate Judge Kimberly A. Jolson**

OHIOHEALTH GRANT FAMILY
MEDICINE,

      **Defendant.**

## REPORT & RECOMMENDATION

This matter before the Court is Plaintiff's failure to respond to Court orders. For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 8) be **DISMISSED** for want of prosecution.

## I.    BACKGROUND

Plaintiff, who proceeds without the assistance of counsel, filed this case almost four months ago. (Doc. 1). Her Complaint alleges Defendant Ohiohealth Grant Family Medicine (1) discriminated against her because of her race, religion, and disability; and (2) retaliated against her for engaging in protected activity, all in violation of federal law. (Doc. 8).

Based on the information she provided in her *in forma pauperis* motion, the Undersigned first recommended that Plaintiff be required to pay the filing fee. (Docs. 1, 3). But then Plaintiff provided more financial information in her objection to that recommendation. (Doc. 4). In light of the more fulsome view of her financial status, the Undersigned retracted the recommendation and granted Plaintiff leave to proceed *in forma pauperis.* (Docs. 5, 7). The Court also warned Plaintiff against wasting the Court's time and resources with incomplete or inaccurate filings.

(Doc. 5).

Following service of her Complaint, Plaintiff filed a request for a complete stay of this case. (Doc. 12). In it, she stated that she filed this action when she did to comply with "strict filing deadlines" related to an administrative process with the Equal Employment Opportunity Commission. (*Id.*). But she could not "actively litigate this matter at this time." (*Id.*). In essence, Plaintiff asked for an indefinite stay of this case to accommodate her job obligations and responsibilities related to other pending federal litigation. (*Id.*). The Court denied her motion and required her to file a report by May 20, 2026, providing notice of whether she intended to pursue this action or voluntarily dismiss it.

Plaintiff did not file the notice by May 20. On May 26, the Court issued a Show Cause Order, giving Plaintiff an additional seven days to file her notice or tell the Court why she should be given more time to do so. Again, Plaintiff did not file anything by the deadline. This case cannot be drawn out any longer.

## II. DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal.  First, despite being afforded two weeks to do so, Plaintiff failed to provide the ordered notice.  Then, she failed to respond to the Court's Show Cause Order.  In fact, it has been over a month since Plaintiff has filed anything on this case.  (*See* Doc. 12).  What's more, because both Orders required Plaintiff to answer whether she has the ability to litigate this case at this time, she has essentially brought this case to a halt.  And the Court can only infer from her silence that Plaintiff does not have the ability to meet deadlines or otherwise participate in action.  All this demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of [her] conduct on [the Court's] proceedings[,]" and thus acted with bad faith or fault.  *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).  Further, as this Court has said, "[f]ailure to comply with this Court's orders in several instances indicates willfulness."  *Manning v. Diversified Collection Servs., Inc.*, No. 3:09-CV-153, 2010 WL 1438735 (S.D. Ohio Apr. 9, 2010).

3

Considering the second factor, Defendant is prejudiced by the limbo Plaintiff's silence creates.  It does not know whether Plaintiff intends to voluntarily dismiss this case or if it should be preparing an answer or response to her Complaint.

The remaining considerations also weigh in favor of dismissal.  The Court warned Plaintiff that failure to respond to its order or file the requisite notice may result in her case being dismissed for want of prosecution.  (*See* Doc. 16).  And the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings and acknowledgement that she may not have the time to do so. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation" outweigh allowing this case to linger.  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

## III.     CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 8) be **DISMISSED** for want of prosecution.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination

of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date:  June 8, 2026                                    /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE